## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. JOHNSON. (No. 2070.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 27, 1919. Rehearing Denied Feb. 13, 1919.)

RAILROADS ⬤═482(4)—FIRE—EVIDENCE.

In an action for damages for burning a residence, evidence *held* sufficient to support a verdict on the theory that defendant's employés failed to exercise ordinary care in handling and operating a locomotive, allowing it to emit sparks, though equipped with a proper spark arrester.

Appeal from District Court, Upshur County; J. R. Warren, Judge.

Action by Earnest Johnson against the St. Louis Southwestern Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Affirmed.

See, also, 199 S. W. 1175.

Appellee brings the suit to recover damages to property, alleging that his residence and contents were destroyed by fire negligently communicated by one of the appellant's engines. The defendant, besides denial, pleaded that its engine was equipped with the best and latest spark arrester, in good order and repair, and was carefully and skillfully handled. The case was submitted upon special issues, which the jury answered as follows: (1) That the plaintiff's property was destroyed by fire caused by sparks set out by the defendant's locomotive; (2) that the defendant company used ordinary care to equip the locomotive with the most approved spark arresters and to keep it in good order and repair; but (3) that the employés negligently handled and operated the locomotive that set out the fire. The court entered judgment on the findings for the plaintiff for the value, as found by the jury, of the house.

There is evidence to support the findings of the jury, and they are sustained and here adopted.

Marsh & McIlwaine, of Tyler, W. W. Sanders, of Gilmer, and E. B. Perkins, of Dallas, for appellant.

Simpson, Lasseter & Gentry, of Tyler, and W. R. Stephens, of Gilmer, for appellee.

LEVY, J. (after stating the facts as above). The appellant insists that the finding of the jury is without evidence to support it that the employés failed to exercise ordinary care in the handling and operation of the locomotive to prevent the escape of sparks of fire. A flying switch was, it appears, being made, and "was," as testified, "made in an unusual manner." One witness says, "There was an unusual amount of cinders coming from the train," and another witness says:

"Just previous to the fire, I had noticed the train switching back and forth west of the house that burned. It was making a flying switch. I noticed sparks of cinders coming from the train. I spoke of it before the house caught fire. There was a great quantity of the sparks and cinders. I never saw more come out in plain daylight—and sparks don't show very plain in the daylight. They were falling all along on this side or the east side of the railroad, and they were just coming right towards the Johnson house."

And there are other similar statements and circumstances appearing in evidence. Considering all the evidence, it is believed this court may not say as a matter of law that the finding of the jury is unauthorized. In these circumstances, the jury may have decided that the way and manner of operation of the engine caused sparks of fire to fall on the house, although there was a spark arrester in good order.

The judgment is affirmed.